Filed 5/14/24  Lemm v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| STEPHEN LEMM, | B325695 |
| Petitioner, | (Los Angeles County Super. Ct. No. 21STCV08647) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| ECOLAB, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate. Superior Court of Los Angeles County, Steven J. Kleifield, Judge. Petition granted.

The Hathaway Law Firm and Alejandro P. Gutierrez; Palay Hefelfinger, Daniel J. Palay and Brian D. Hefelfinger for Petitioner.

No appearance for Respondent.

Jones Day, Michael J. Gray, Kelsey A. Israel-Trummel and Margaret Adema Maloy for Real Party and Interest.

Plaintiff and appellant Stephen Lemm appeals from an order compelling arbitration of his individual claims under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.) and dismissing his non-individual PAGA claims.[1] On appeal, Lemm contends: (1) the order is appealable under the "death knell doctrine," or in the alternative, he asks this court to treat the appeal as a petition for a writ of mandate; (2) the trial court erred by compelling arbitration of Lemm's individual PAGA claims under the parties' agreement; and (3) the trial court should not have dismissed the non-individual PAGA claims, because Lemm had standing to pursue them even after his individual PAGA claims were ordered into arbitration. In light of the uncertainty of our jurisdiction to consider Lemm's appeal from the order compelling arbitration under the death knell doctrine, and the absence of any delay or prejudice our intervention at this stage would cause, we find this an appropriate case in which to exercise our discretion to treat the appeal from that order as a petition for writ of mandate. Because Lemm has standing to pursue non-individual PAGA claims in court, we grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2019, Lemm filed a complaint against defendant and respondent Ecolab Inc. in Los Angeles Superior Court, case No. 19STCV21322 (*Lemm I*), alleging a PAGA claim for improper calculation of overtime payments. The parties filed

___

[1] All further statutory references are to the Labor Code unless otherwise stated.

2

cross-motions for summary adjudication. (*Lemm v. Ecolab Inc.* (2023) 87 Cal.App.5th 159, 166.)

On March 4, 2021, Lemm filed a separate complaint in the instant case against Ecolab in Los Angeles Superior Court, case No. 21STCV08647 (*Lemm II*), which Lemm amended on August 23, 2021, alleging a PAGA claim for reporting time and split shift wage violations. The trial court found the cases were related and designated *Lemm I* as the lead case. Summary judgment was eventually entered in favor of Ecolab in *Lemm I*, which this appellate court affirmed in a published opinion. (*Lemm v. Ecolab*, *supra*, 87 Cal.App.5th at p. 164.)

On June 27, 2022, in *Lemm II*, Ecolab filed a motion to compel arbitration of Lemm's individual PAGA claims pursuant to the parties' arbitration agreement and to dismiss the remaining claims in accordance with the holding in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*).

Ecolab attached the parties' arbitration agreement, which contained a waiver of class, collective, or representative actions.[2]

_____

[2] The waiver provision stated in full: "Pursuant to the Agreement, Associates waive their rights to commence, be a party to or act as a class member in any class or collective action in any court or in arbitration related to any Dispute. Associates may not submit a multiparty, class, collective or representative action for resolution under this Agreement. Additionally, no arbitrator has the authority under this Agreement to proceed with arbitration on a multiparty, class, collective or representative action basis. Arbitration on an individual basis pursuant to this Agreement is the exclusive remedy for any claims which might otherwise be brought on a multiparty, class, collective or representative action basis. Accordingly, an Associate may not participate as class or collective action representatives or as members of any class, collective or representative action, and will

The agreement stated, "Arbitration on an individual basis pursuant to this Agreement is the exclusive remedy for any claims which might otherwise be brought on a multiparty, class, collective or representative action basis." Any disputes about the validity or arbitrability of the waiver were to be decided by the court, not by an arbitrator. In the event the waiver was unenforceable, "any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for all such claims."

The arbitration agreement provided that the terms were severable and invalid provisions could be reformed, except that arbitration could only proceed in an individual capacity. The agreement expressly incorporated the procedural provisions of the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), and applied substantive state law, federal law, or both.

Lemm opposed the motion to compel arbitration. Lemm argued his waiver of representative PAGA claims was invalid under California law, as affirmed in *Viking River*. Unlike the severability clause of the waiver at issue in *Viking River*, which stated that any portion remaining valid must be enforced in arbitration, the severability clause in the instant case required

_____

not be entitled to any recovery from a class, collective or representative action in any forum under this Agreement. Any disputes concerning the validity or arbitrability of this class, collection and representative action waiver will be decided by a court of competent jurisdiction, not by an arbitrator. In the event this waiver is found to be unenforceable, any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for all such claims."

4

any representative claim to be filed in court. In addition, Lemm argued that Ecolab waived its right to compel arbitration by engaging in extensive discovery and other litigation conduct without seeking to compel arbitration.

Ecolab filed a reply. The motion to compel arbitration was heard on August 8, 2022. Ecolab claimed it would have been futile to move to compel arbitration prior to the United States Supreme Court decision in *Viking River*. After the decision was issued, Ecolab acted quickly to compel arbitration.

Lemm argued that the term "representative action" in the parties' arbitration agreement included both individual and non-individual PAGA claims. Because every PAGA claim is asserted in a representative capacity, even an individual PAGA claim is a representative action brought on behalf of the state agency. Lemm argued that, under the plain language of the parties' agreement, since the waiver of representative actions was unenforceable, his representative action must be filed in court, including his individual PAGA claim. If the term representative action was ambiguous, it should be construed against the drafter. He also argued specific provisions in the waiver paragraph took precedence over general provisions in the severability paragraph.

The trial court concluded that under the parties' agreement, arbitration on an individual basis was the exclusive remedy for any claims which might otherwise be brought on a multiparty, class, collective, or representative basis. The language limited an employee's representative action to arbitration of the employee's individual claim.

The court noted that Ecolab sought to have the non-individual PAGA claims dismissed under the authority of *Viking River*. Lemm's attorney responded, "Frankly, if the court were

5

inclined to grant arbitration, I believe that that is the holding. But we don't have any argument that you could essentially retain -- I can't imagine what you could retain in that regard."

The trial court granted the motion based on the controlling authority provided in *Viking River*.  On October 4, 2022, the trial court entered its written order granting the motion to compel, ordering arbitration of Lemm's individual PAGA claims, and dismissing the remaining non-individual PAGA claims (the October 4, 2022 order).

## DISCUSSION

### Appealability

Ecolab contends that the appeal in this case should be dismissed because the October 4, 2022 order is not directly appealable.  In response, Lemm asserts that the order dismissing the non-individual PAGA claims is appealable under the "death knell" doctrine (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 760 (*Baycol*)), or in the alternative, Lemm asks us to treat the appeal as a petition for writ of mandate (*Cortez v. Doty Bros. Equipment Co.* (2017) 15 Cal.App.5th 1, 10 (*Cortez*)).  During oral argument, Ecolab's attorney suggested the arbitrator's findings with respect to Lemm's individual PAGA claims could be preclusive as to the non-individual PAGA claims, even though the non-individual PAGA claims are not subject to decision by the arbitrator.  In light of the legal uncertainty about the appealability of the order being challenged, as well as the lack of any showing of prejudice or delay, we exercise our discretion to

6

treat the appeal as a petition for writ of mandate and consider the merits of the order.

"In exercising our discretion in this manner, we are mindful that reviewing an order compelling arbitration by writ should be done sparingly and only in an appropriate circumstance to avoid defeating the purpose of the arbitration statute." (*Cortez*, *supra*,15 Cal.App.5th at p. 10.) In this case, efficiency is gained, not lost, by treating the appeal as a writ petition. (*Id.* at p. 11.) Based on the case law at the time of the order, the trial court and the parties believed Lemm's non-individual PAGA claims must be dismissed. As a result, the trial court had no reason to consider exercising its discretion under Code of Civil Procedure section 1281.2. Code of Civil Procedure section 1281.2 requires the court to order the parties to arbitration unless, for example, "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact" (Code Civ. Proc., § 1281.2). Similarly, "[i]f the court determines that there are other issues between the petitioner and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies." (Code Civ. Proc., § 1281.2.). Treating the appeal as a writ petition will provide the trial court with an opportunity to exercise its discretion to proceed in the most efficient and appropriate manner under Code

7

of Civil Procedure section 1281.2, although nothing in this opinion should be read to require the trial court to exercise its discretion in any particular manner.

## Dismissal of Non-Individual PAGA Claim

Lemm contends that he has standing to pursue his non-individual PAGA claims, and therefore, the trial court erred by dismissing those claims. We agree.

PAGA allows aggrieved employees, acting as private attorneys general on behalf of themselves individually and other employees, to recover civil penalties for Labor Code violations. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113 (*Adolph*).)

Every PAGA action is a "representative action" in the sense that the employee plaintiff sues as an agent of the government entity, which is the real party in interest. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 382 (*Iskanian*); *Viking River*, *supra*, 596 U.S. 639 at p. 648.) PAGA claims are also considered representative actions in the sense that they may be based on code violations sustained by other employees. (*Viking River*, *supra*, 596 U.S. at p. 648.) In this use of the term representative, "individual" PAGA claims are based on code violations suffered by the employee plaintiff, while " 'representative' " PAGA claims concern code violations suffered by other employees. (*Id.* at pp. 648–649.)

"[A]n employee's right to bring a PAGA action is unwaivable." (*Iskanian, supra*, 59 Cal.4th at p. 383.) "[T]he Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the [Labor and Workforce

Development] Agency by empowering employees to enforce the Labor Code as representatives of the Agency." (*Ibid*.) An employment agreement that requires the waiver of representative claims under the PAGA "is contrary to public policy and unenforceable as a matter of state law." (*Id*. at p. 384.)

In *Viking River*, the United States Supreme Court held that PAGA actions may be divided into individual and non-individual claims through an agreement to arbitrate. (*Viking River, supra*, 596 U.S. at p. 662.)

The *Viking River* court erroneously concluded, however, that an employee plaintiff does not have standing under California law to maintain non-individual PAGA claims in court when the employee's individual PAGA claim had been committed to another proceeding. (*Viking River, supra*, 596 U.S. at p. 663.) Based on this interpretation of California law, the *Viking River* court determined the correct course was to dismiss the employee's remaining non-individual PAGA claims. (*Ibid*.)

The California Supreme Court subsequently ruled in *Adolph* that "[w]here a plaintiff has brought a PAGA action comprising individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." (*Adolph, supra*, 14 Cal.5th at p. 1114.)

Lemm's individual PAGA claims were ordered to arbitration, but as the holding in *Adolph* makes clear, Lemm continues to have standing to pursue his non-individual PAGA claims in court, and therefore, the order dismissing those claims must be reversed.

9

On appeal, Ecolab characterizes Lemm's statements during trial court proceedings on the motion to compel arbitration as forfeiture, invited error, and waiver of the argument that Lemm has standing to pursue non-individual PAGA claims. We disagree that Lemm's remarks amounted to inviting or advocating for dismissal of his non-individual PAGA claims. Lemm argued extensively that the instant case was distinguishable from *Viking River*, but acknowledged that the holding in *Viking River* mandated dismissal of non-individual PAGA claims. Lemm appealed from the order dismissing his non-individual PAGA claims on the ground that he had standing even before having the benefit of the California Supreme Court's decision in *Adolph,* and we review this purely legal issue de novo.

For the first time on appeal, Ecolab raises an alternative ground for affirming the dismissal of the non-individual PAGA claims. Ecolab essentially contends that the FAA preempts California law prohibiting the waiver of PAGA claims because it is an obstacle to the parties' agreement to resolve claims solely through individualized arbitration.

This issue was recently addressed by the appellate court in *DeMarinis v. Heritage Bank of Commerce* (2023) 98 Cal.App.5th 776 (*DeMarinis*), where the court concluded that the FAA does not preempt California's law prohibiting waiver of non-individual PAGA claims. *Iskanian* expressly held that a waiver of the right to bring a representative action under PAGA is unenforceable under state law, and that the FAA does not preempt state law prohibiting such waivers, because they concern disputes between employers and the state agency, rather than the resolution of private disputes. (*Iskanian*, *supra*, 59 Cal.4th at pp. 383–384.) *Viking River* held that the rule in Iskanian was preempted by the

10

FAA only to the extent that it precluded dividing a PAGA action into individual and non-individual claims through an agreement to arbitrate. (*Viking River, supra,* 596 U.S. at p. 662.) But otherwise, *Viking River* stated that *Iskanian's* rule prohibiting waivers of the right to bring a PAGA claim remained valid and was not preempted by the FAA. (*Viking River, supra,* 569 U.S. at pp. 663–664 [non-individual PAGA claims may not be dismissed based on arbitration agreement's waiver of representative PAGA action, because state law that PAGA claims are unwaivable remained valid]; *DeMarinis, supra,* 98 Cal.App.5th at pp. 786–787) [*Viking River* left intact *Iskanian's* primary holding prohibiting waiver of right to bring representative PAGA claim, either individual or non-individual claims].) "Nothing in *Viking River* suggests that employers may require employees to completely forgo their rights to bring nonindividual PAGA claims as a condition of employment." (*DeMarinis, supra,* 98 Cal.App.5th at p. 787).)

"Moreover, *Adolph* recognizes that an individual PAGA claim in a case may proceed to arbitration, while nonindividual PAGA claims in the matter remain in court. (*Adolph, supra,* 14 Cal.5th at p. 1123; see, e.g., *Piplack* [*v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281,] 1289.) Thus, parties remain free to utilize the informal and expedient procedures of arbitration for an individual PAGA claim, without forsaking the advantages of a judicial forum (e.g., procedural rigor, multilayered review) for the nonindividual PAGA claims. (See *Viking River, supra,* 569 U.S. at pp. 660–662.)" (*DeMarinis, supra,* 98 Cal.App.5th at p. 787.)

In this case, Ecolab specifically provided in the parties' arbitration agreement that if the waiver of representative actions was unenforceable under the law, any representative action must

11

be filed in court. The FAA does not bestow arbitration agreements with special status; it simply ensures arbitration agreements are as enforceable as other contracts. (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 384 (*Cronus*).) The FAA does not preempt California law prohibiting waivers of PAGA claims. Enforcement of the parties' agreement to arbitrate individual claims and litigate representative actions if the waiver of representative actions is unenforceable is consistent with the policies of the FAA.

Because we have concluded that the order must be vacated based on the erroneous dismissal of Lemm's non-individual PAGA claims, we need not consider whether the order could have additionally been reversed on another basis.

## DISPOSITION

Deeming the appeal to be a petition for writ of mandate, the petition is granted.  The superior court is directed to vacate its October 4, 2022 order and enter a new order addressing the motion to compel arbitration that does not dismiss non-individual PAGA claims.  The order of proceedings is subject to the superior court's discretion under Code of Civil Procedure section 1281.2.  Petitioner Stephen Lemm is awarded his costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

We concur:


BAKER, Acting P. J.


LEE, J.*

---

\* Judge of the Superior Court of San Bernardino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.